IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00481-BO

| | |
|---|---|
| **L.P.,** by and through her guardians, J.P and K.P. **& J.P. and K.P.,** individually,<br><br>Plaintiffs,<br><br>v.<br><br>**Wake County Board of Education,** et al.,<br><br>Defendants. | **Order** |

J.P. and K.P., acting individually and on behalf of their daughter, L.P., have sued the Wake County Board of Education, several of its administrators, and multiple teachers at Scotts Ridge Elementary School. Plaintiffs allege that Defendants have violated myriad state and federal laws in their treatment of L.P., who lives with various disabilities that impact her education. Am. Compl., D.E. 28. Last December, Defendants subpoenaed Learn with the Best, the private school that L.P. attended after leaving the Wake County school system, hoping to obtain documents related to L.P.'s education since her transfer. *See* Subpoena at 4–5, D.E. 71–1. In mid-January 2023—after Learn with the Best's responses were due—Plaintiffs moved to quash the subpoena, alleging that it seeks irrelevant information and unduly burdens Learn with the Best. Mot. Quash, D.E. 71. For the reasons set forth below, the court denies Plaintiffs' motion.

I.    **Background**

L.P. is a student who lives with several disabilities that impact her education. Am. Compl. ¶ 1. She began her time with the Wake County Public School System in 2017, when she enrolled as a third grader. *Id.* ¶ 84. L.P. spent her third, fourth, and fifth grade years as a student at Scotts

Ridge Elementary School. Plaintiffs contend that, during these three school years, school staff subjected her to unlawfully punitive seclusion and restraint that caused her severe mental distress and hampered her educational achievement. *Id.* ¶ 3. L.P. and her parents originally sued in September 2020, and their amended complaint seeks relief under Title II of the Americans with Disabilities Act, the Rehabilitation Act, 42. U.S.C. § 1983, and North Carolina law. Plaintiffs' state-law causes of action allege negligence, negligent infliction of emotional distress, and false imprisonment.

Discovery began when the parties filed their Rule 26(f) report in September 2022. *See* Rule 26(f) Report, D.E. 58; Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"). Discovery is set to close in April 2023, *see* Scheduling Order, D.E. 59, and the court recently entered a protective order that makes current and former Wake County students' records confidential, *see* Protective Order at 2, D.E. 77.

In December 2022, Defendants served a subpoena on Learn with the Best, the school that L.P. began attending after she left the Wake County school system. Subpoena at 1. The subpoena seeks 11 types of documents, ranging from cumulative records and individualized education plans to intake and financial information. *Id.* at 4–5. Although Learn with the Best has not objected to the subpoena, it did not provide any documents before the December 23, 2022 return date. Resp. Opp'n Mot. Quash at 3, D.E. 72. Defendants attempted to follow up with Learn with the Best in early January 2023, but this did not prompt the school to produce responsive documents. *Id.* at 1.

On January 12—roughly a week after Defendants reminded Learn with the Best about the subpoena—Plaintiffs filed this motion to quash. In it, Plaintiffs argue that L.P.'s records with Learn with the Best are irrelevant to their lawsuit and contend that the subpoena is overly broad

and unduly burdensome.[1] Mot. Quash at 4. Defendants counter that the motion to quash is untimely[2] and that the subpoena seeks information relevant to calculating damages. Resp. Opp'n Mot. Quash at 2, 4.

## II. Discussion

Federal Rule of Civil Procedure 45 allows the court to quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). And Rule 26 enables a party to challenge a subpoena that is overbroad or seeks irrelevant information. *Id.* 26(b)(1); *see also U.S. Equal Emp. Opportunity Comm'n v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017). And while parties seldom have standing to challenge third-party subpoenas, they may do so when they have a "personal right or privilege with respect to the documents sought." *Id.* at *3 (citing *Jason's Enter., Inc. v. Gen. Accident Ins. Co. of Am.*, Nos. 95–2553, 95–2554, 1996 WL 346515, at *5 (4th Cir. June 25, 1996)).[3]

Plaintiffs first claim that the court should quash the Learn with the Best subpoena because it seeks documents that do not "pertain to the claims of discrimination, violations of L.P.'s constitutional rights, [or] state tort actions committed by Defendants." Mot. Quash at 5. But this court has held that, when a student's lawsuit places her own emotional status in issue, her student

---

[1] Although they do not move to quash the subpoena on privacy grounds, Plaintiffs suggest that Defendants' attempts to obtain L.P.'s educational records without the consent of her parents should garner suspicion from the court. Mot. Quash at 4. The court trusts that the protective order recently entered in this case will alleviate any concerns about privacy. *See* Protective Order at 1.

[2] Defendants are correct. "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *Laschkewitsch* v. *Lincoln Life & Annuity Distribs., Inc.*, No. 5:13-CV-315-BO, 2014 WL 1159923, at *1 (E.D.N.C. Mar. 21, 2014) (quoting *Est. of Ungar* v. *Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)). Defendants served the subpoena on Learn with the Best on December 9, 2022, with a return date of December 23. Subpoena at 1. But Plaintiffs did not move to quash the subpoena until January 12, 2023. Thus, the court could deny the motion for untimeliness alone. But because the motion fails on non-procedural grounds as well, the court will discuss its merits.

[3] Defendants do not dispute that Plaintiffs have a personal right or privilege to L.P.'s educational records. And a cursory search of caselaw suggests that Plaintiffs have standing. *See, e.g.*, *Primrose* v. *Castle Branch, Inc.*, No. 7:14-CV-235-D, 2016 WL 917318, at *6 (E.D.N.C. Mar. 8, 2016).

file may be discovered. *Primrose v. Castle Branch, Inc.*, No. 7:14-CV-235-D, 2016 WL 917318, at *6 (E.D.N.C. Mar. 8, 2016).

In their amended complaint, Plaintiffs claim that Defendants caused L.P. severe mental and emotional distress that led her to fear school, display symptoms associated with post-traumatic stress disorder, and suffer increased school-related anxiety. Am. Compl. ¶ 256. In assessing the damages that flowed from L.P.'s distress, the court will likely consider how she has fared since she transferred to Learn with the Best. *Cf. Primrose*, 2016 WL 917318, at *6 ("Plaintiff's contention that defendant caused her emotional distress places her emotional status in issue. Plaintiff's student file . . . [is] relevant to such status."). The subpoena served on Learn with the Best requests information about L.P.'s scholastic records as well as the administrative and financial measures Learn with the Best took to ensure that she had access to a meaningful education. *See* Subpoena at 4–5. Because this information is relevant to Plaintiffs' damages, the court will not quash the subpoena for irrelevance.

Plaintiffs next contend that the subpoena should be quashed because it "imposes an undue burden and expense on [Learn with the Best] to produce" the eleven categories of requested records. Mot. Quash at 4. This argument is also unavailing. First, if Learn with the Best felt that complying with Defendants' subpoena would cause it undue burden, it could move to quash the subpoena itself. Although Plaintiffs do have standing to challenge the subpoena, the court has no reason to believe they are better situated than the subpoena's target to assess the burden of responding. Learn with the Best's decision not to challenge the subpoena indicates that it does not view the subpoena as unduly burdensome.

Second, and more importantly, the documents that Defendants seek from Learn with the Best are, by and large, routine records that a school should have little difficulty producing.

Plaintiffs' conclusory claims to the contrary—offered without any supporting evidence estimating the cost of locating or producing these documents—provide no basis to quash. These documents are relevant to Plaintiffs' claim for damages; Defendants did not step outside the bounds of the Federal Rules in pursuing them.

## III.      Conclusion

For the reasons discussed above, the court denies Plaintiffs' motion to quash the subpoena served on Learn with the Best (D.E. 71).

Dated:  March 3, 2023

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

5