IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| L.P., by and through her guardians, J.P. and K.P., and J.P. and K.P. individually,<br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF EDUCATION, *et al.*,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No. 5:20-CV-481-BO |
| WAKE COUNTY BOARD OF EDUCATION,<br>Plaintiff,<br><br>v.<br><br>L.P., a minor, by and through her parent JOCELYN PEASE,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No. 5:22-CV-312-BO-BM |

ORDER

These matters are before the Court on the Wake County Board of Education's motion to consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure. L.P., J.P., and K.P. oppose consolidation in full, but agree that there are some common issues of fact which would support limited consolidation.

As the parties are familiar with the background and procedural posture of these matters, the Court proceeds to consider the merits of the motion. Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions involving common questions of law or fact. This Court has broad discretion in determining whether to consolidate actions pending before it. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

The Court has considered the arguments of the parties and determines that full consolidation of these actions for discovery and motions practice is not warranted. Importantly, the nature of the two actions is quite different. The first-filed action involves claims by L.P. and her guardians that she was discriminated against by defendants in violation of, *inter alia*, the Americans with Disabilities Act. L.P. and her guardians will bear the burden of proof in the discrimination case and discovery and motions practice is anticipated. The second-filed action was brought by the Wake County Board of Education under the Individuals with Disabilities Education Act (IDEA) for review of the state administrative proceeding involving L.P. The IDEA case will consist primarily of this Court's *de novo* review the state administrative decision and administrative record. *E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ.*, 773 F.3d 509, 516-17 (4th Cir. 2014). In other words, though the parties to both actions are the same, the legal issues are different enough that consolidation would promote confusion rather than economy.

However, there are sufficient factual similarities such that efficiencies may be gained by recognizing the relatedness of the two cases. To that end, the Court will permit limited consolidation in order to make the IDEA administrative record available for use in the discrimination case. The Court will not consolidate the cases otherwise, including for the limited purpose of sharing the docket. Finally, the Court agrees with L.P. that consideration of the IDEA case first would promote economy and prevent confusion of the issues or inconsistent rulings, and it determines that this sufficiently addresses the Wake County Board of Education's concerns.

## CONCLUSION

Accordingly, and having considered the positions of the parties, the motion to consolidate the above-captioned cases is GRANTED IN PART and DENIED IN PART. The cases are consolidated to permit use of the administrative record to be filed in No. 5:22-CV-312-BO in case

2

No. 5:20-CV-481-BO. The parties should, however, continue to file motions and other documents in the appropriate case on its separate docket with a single case caption.

Discovery in the discrimination case, No. 5:20-CV-481-BO, is hereby STAYED pending completion of the briefing in the IDEA case, No. 5:22-CV-312-BO. The clerk is DIRECTED to docket this order in both of the above-captioned cases. The clerk is further DIRECTED to return the IDEA case, No. 5:22-CV-312-BO, to the magistrate judge for entry of a scheduling order. Discovery in the discrimination case shall re-open when the briefing in the IDEA case is completed and the dispositive motion(s) have been submitted to the undersigned.

SO ORDERED, this __7__ day of March 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE